**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:14-CR-146** |
| | ) | |
| **LEONARD D. JOHNSON,** | ) | **(Judge Walton)** |
| | ) | |
| **Defendant** | ) | |

**POSITION OF DEFENDANT WITH**
**RESPECT TO SENTENCING FACTORS**

COMES NOW the defendant, Leonard D. Johnson, by Gregory B. English, his court-appointed attorney, and submits this pleading in accordance with Rule 32 of the Federal Rules of Criminal Procedure and U.S.S.G. §6A1.2.  We concur with the computations of the probation office and have no objections to the presentence report (hereinafter "PSR") except as noted below.  For the reasons that will be articulated at sentencing, we ask this court to impose a sentence of time served.

**Objection**

We object to the computations of the guidelines and description of the penalties for the instant offense as explained in paragraph 107 of the PSR which is quoted as follows:

1

The calculation outlined in the plea agreement is not binding on the Probation Office or the Court and differs from the calculation determined by the Probation Office.  The defendant is charged with a violation of 18 USC §922(g).  Since he has three prior %serious drug offenses+as referenced in Cases #98CR0217, 2003-FEL-000281 and 2011-CF2-017310, he qualified as an armed career criminal, pursuant to the provisions of USSG §4B1.4.  As such, he would be subject to minimum term of 15 years imprisonment under the provisions of 18 USC §924(e).  Pursuant to USSG §4B1.4(b)(3)(B), the offense level is 33, and with a three-level reduction for acceptance, the total offense level is 30.  With a total offense level of 30 and a criminal history category of VI, his guideline range is 188 to 210 months.

This conclusion is in error because Mr. Johnson does not have three prior %serious drug offenses+which would qualify him as an armed career criminal (hereinafter %ACCA+) pursuant to the provisions of USSG §4B1.4.

Although we concede that Mr. Johnson has two prior possession with intent to distribute offenses as described in paragraphs 37 and 38 of the PSR, the third offense referred to by the probation office in case #2011-CF2-17310 simply does not qualify. That case involved three misdemeanor possession of PCP, heroin, and codeine charges as fully described in paragraph 41, PSR.  18 USC §924(e)(2)(A) defines a %serious drug offense+ as a violation under state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance for which the maximum term is ten years or more.  Simple possession does not meet this criteria.

Indeed, in United States v. Brandon, 247 F.3d 186, 196-197 (4th Cir. 2001), the court found that possession of 35 grams of cocaine was not a %serious drug offense+for ACCA purposes. Therefore, Mr. Johnson simply does not qualify for this enhancement.

Even assuming, <u>arguendo,</u> that Mr. Johnson qualified for ACCA treatment pursuant to USSG §4B1.4, he would not be subject to a minimum term of fifteen years of imprisonment under the provisions of 18 USC §924(e).  ACCA treatment would have a very small practical effect upon him because it would only determine where within the statutory maximum of ten years his guideline range would fall.  The plea agreement which the court accepted correctly describes the maximum penalty as ten years of imprisonment.  Paragraph 5, page 3, PSR. No provision of the guideline changes that statutory limitation because the guidelines simply determine where within the statutory limit the advisory range is.  The parties agreed that based upon the stipulated guideline calculation the imprisonment range the defendant faced was 110. 137 months. Paragraph 9, page 4, PSR.  This is capped by the statutory ceiling of 120 months.  Even if the defendant did qualify for ACCA status as described by paragraph 107 of the PSR, his guideline range would be 188-210 months capped by the statutory ceiling at 120 months.  Thus, the only difference in the guideline range is 110 versus 120 months.  We agree that if it applied ACCA status would justify this adjustment.

The guidelines cannot change a statutory sentence maximum because the offense of conviction is determined solely by the indicted charge.  The instant indictment charged the defendant with unlawful possession of firearm by a convicted felon in violation of 18 USC §922(e)(1).  The probation officers' claim that the offense also violated 18 USC §924(e) (Page 1, PSR) is simply untrue.  In order to trigger this enhanced sentence provision, the prosecution has to place the defendant on notice by citing it in the indictment.  Indeed, the defendant had no notice at all of this penalty because the plea agreement specified that the statutory ceiling was 10 years and that is

3

what the court informed the defendant during the Rule 11 inquiry.  Although the prosecution could have charged this sentence enhancement provision if it had wanted to, it did not do so that penalty simply does not apply.  In addition, the prosecution did not file any sort of sentence enhancement pleading such as that described by 21 USC §851 for triggering a recidivism provision.  Since the prosecution did not allege this recidivism provision and then stipulated to what the actual penalty was, we respectfully submit that it and this court are bound by the determination that 10 years is the ceiling for this offense.

The Supreme Court resolved this issue years ago in Apprendi v. New Jersey, 530 U.S.466, 490 (2000), when the court found that a sentence enhancement factor which raises the statutory maximum must be pleaded in the indictment and the jury must find the facts necessary to trigger this enhancement.  This position was reinforced in Blakely v. Washington, 542 U.S. 296, 303-304 (2004) which remanded the case because the jury did not find the facts required to exceed the normal sentence.  In United States v. Locklin, 530 F. 3d 908, 912-913 (9th Cir. 2008) a circuit court held that the trial judge had erred by exceeding the sentence maximum for failure to appear because the  underlying felony that enhanced the sentence was never proven to the jury.  In the instant case, the defendant was affirmatively informed by the plea agreement and the court that his statutory maximum was 10 years of imprisonment. Nothing contained in the plea agreement or the statement of facts justifies the sentence which the probation office believes applies because that triggering offense was simply never a part of the equation.

## The §3553(a) Factors

Title 18, U.S. Code, §3553(a) supports our request for a sentence of time served. The decision of the Supreme Court in <u>United States v. Booker</u>, 543 U.S. 220 (2005), effectively rendered the Federal Sentencing Guidelines advisory. <u>Booker</u> requires this court to consider all of the factors listed at 18 U.S.C. §3553(a), including the advisory guidelines, in imposing a just sentence. The overriding principle of §3553(a) is that courts impose a sentence "sufficient, but not greater than necessary" to comply with the four purposes of sentencing which are retribution, deterrence, incapacitation, and rehabilitation. This is commonly referred to as the "Parsimony Provision." The Parsimony Provision effectively puts a ceiling on the sentence provided by the other factors. Furthermore, the judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. §3582(a).

These §3582(a) factors are listed as follows:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)     the kinds of sentence available;
(3)     the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guidelines range;
(4)     the need to avoid unwarranted sentencing disparity; and
(5)     the need to provide restitution where applicable.

It is important to note that neither the statute itself nor <u>Booker</u> suggest that any one of these factors is to be given greater weight than any of the others, but all are subservient to the §3553(a) mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

The Supreme Court in <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), and <u>Gall v. United States</u>, 552 U.S. 38 (2007), reemphasized that the federal sentencing guidelines are simply an advisory tool to be considered alongside other statutory considerations spelled out in 18 U.S.C. §3553(a).   In two summary reversals the Supreme Court expressed in no uncertain terms that the guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors set forth at 18 U.S.C. §3553(a). *See* <u>Nelson v. United States</u>, 555 U.S. __, __ S.Ct. __, 2009 WL 160585 (Jan. 26, 2009); and <u>Spears v. United States</u>, 555 U.S. __, __ S.Ct. __, 2009 WL 129044 (Jan. 21, 2009).

%Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable,+the court held in <u>Nelson</u>.  2009 WL 160585, *1.  %The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable.+ *Id.* at *2.  In other words, sentencing courts commit legal error by using a sentencing guidelines range as a default to be imposed unless a basis exists to impose a sentence outside that range.  *See also* <u>United States v. Johnson</u>, F.3d __ (2009), 2009 WL 161733 at *5 (6th Cir. Jan. 26, 2009) (%It is clear that <u>Spears</u> applies with equal force to sentencing decisions under the new crack-cocaine guidelines and that district courts may categorically reject and vary from the new guidelines based on policy disagreements with those guidelines.+).

We ask this court to consider the following when applying the §3553(a) factors. Aside from this offense, the defendant was doing well on supervision when he was arrested.  He has accepted responsibility by entering a timely guilty plea.  His prior conviction for possession of a firearm (¶49, page 12, PSR) occurred when he was shot

while imprisoned at the D.C. Jail.  He never possessed the gun himself but was found guilty because of vicarious liability. Finally, his conditions of imprisonment during pretrial confinement have been exceptionally harsh in that he has been kept in solitary confinement.

One other factor supports this position.  In the past two decades the United States has experienced significant sentence inflation as the number of prisoners nearly tripled between 1987 and 2007 with more than 2.5 million adults incarcerated nationwide in the beginning of 2008, more than one in every 100 citizens.[1]  The United States has 5% of the world's population and 25% of the world's prison population.[2]   In the words of former Virginia Senator Jim Webb, "either we are the most evil people on earth or we are doing something very wrong."[3]  According to U.S. Courts News, the annual cost of imprisonment in a Bureau of Prisons facility for fiscal year 2010 was $28,284.16, and the annual cost of probation supervision for the same period was $3,938.35.  We respectfully submit that considering the economic crisis this country is facing, it should not be worsened by the needless incarceration of someone such as the defendant.

---

[1] "Expanding the Zones, a Modest Proposal to Increase the Use of Alternatives to Incarceration in Federal Sentencing," *Criminal Justice* (Publication of the American Bar Association), Winter 2010, by J. P. Hanlon, Sean Hecker and David Gopstein, at Page 26.

[2] "What's Wrong With Our Prisons?", *Parade Magazine*, March 29, 2009 at Page 4 by Senator Jim Webb.

[3] *Id.*

Respectfully submitted,


 */s/ Gregory B. English*

Gregory B. English, DC Bar #398564
The English Law Firm, PLLC
601 King Street, Suite 406
Alexandria, Virginia  22314
(703) 739-1368 / Fax (571) 312-6445
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2015, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

AUSA Karla-Dee Clark
karla-dee.clark@usdoj.gov.

/signed/
_____
Gregory B. English